## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLOUDING IP, LLC,<br><br>　Plaintiff,<br><br>　　　v.<br><br>RACKSPACE HOSTING, INC.,<br>RACKSPACE US, INC., and<br>JUNGLE DISK, LLC,<br><br>　Defendants. | C.A. No. 12-675-LPS<br><br>**JURY TRIAL DEMANDED** |
| CLOUDING IP, LLC,<br><br>　Plaintiff,<br><br>　　　v.<br><br>GOOGLE, INC.,<br><br>　Defendant. | C.A. No. 12-639-LPS<br><br>**JURY TRIAL DEMANDED** |
| CLOUDING IP, LLC,<br><br>　Plaintiff,<br><br>　　　v.<br><br>AMAZON.COM INC., and<br>AMAZON WEB SERVICES, LLC<br><br>　Defendants. | C.A. No. 12-641-LPS<br><br>**JURY TRIAL DEMANDED** |
| CLOUDING IP, LLC,<br><br>　Plaintiff,<br><br>　　　v.<br><br>EMC CORP., ET AL.,<br><br>　Defendants. | C.A. No. 13-1455-LPS<br><br>**JURY TRIAL DEMANDED** |

| | |
|---|---|
| CLOUDING IP, LLC,<br><br>    Plaintiff,<br><br>            v.<br><br>DROPBOX INC.,<br><br>    Defendant. | C.A. No. 13-1454-LPS<br><br>**JURY TRIAL DEMANDED** |
| CLOUDING IP, LLC,<br><br>    Plaintiff,<br><br>            v.<br><br>SAP AG, ET AL.,<br><br>    Defendants. | C.A. No. 13-1456-LPS<br><br>**JURY TRIAL DEMANDED** |
| CLOUDING IP, LLC,<br><br>    Plaintiff,<br><br>            v.<br><br>VERIZON ONLINE LLC, TERREMARK NORTH AMERICA LLC, and VERIZON BUSINESS NETWORK SERVICES INC.,<br><br>    Defendants. | C.A. No. 13-1458-LPS<br><br>**JURY TRIAL DEMANDED** |
| CLOUDING IP, LLC,<br><br>    Plaintiff,<br><br>            v.<br><br>AT&T INC.,<br><br>    Defendant. | C.A. No. 13-1342-LPS<br><br>**JURY TRIAL DEMANDED** |

| | |
|---|---|
| CLOUDING IP, LLC,<br><br>   Plaintiff,<br><br>        v.<br><br>CA TECHNOLOGIES INC.,<br><br>   Defendant. | C.A. No. 13-1338-LPS<br><br>**JURY TRIAL DEMANDED** |
| CLOUDING IP, LLC,<br><br>   Plaintiff,<br><br>        v.<br><br>CITRIX SYSTEMS, INC.<br><br>   Defendant. | C.A. No. 13-1453-LPS<br><br>**JURY TRIAL DEMANDED** |
| CLOUDING IP, LLC,<br><br>   Plaintiff,<br><br>        v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>   Defendant. | C.A. No. 13-1341-LPS<br><br>**JURY TRIAL DEMANDED** |

### CLOUDING IP, LLC'S RESPONSE TO DEFENDANTS' NOTICE OF SUBSEQUENT EVENTS RELATING TO CLOUDING IP LLC'S MOTION FOR REARGUMENT AND RECONSIDERATION PURSUANT TO LOCAL RULE 7.1.5 AND FEDERAL RULES OF CIVIL PROCEDURE 59 AND 60

Pursuant to the Court's Order of September 19, 2014 (D.I. No. 178 in C.A. No. 12-639-LPS), Clouding IP, LLC ("Clouding IP"), Plaintiff in the above-referenced actions, submits this letter in response to Defendant's letter of September 18, 2014 (D.I. No. 177 in C.A. No. 12-639-LPS). Clouding IP respectfully advises the Court that the Motion for Reargument and Reconsideration Pursuant to Local Rule 7.1.5 and Federal Rules of Civil Procedure 59 and 60 ("Motion for Reargument and Reconsideration") is not mooted by Clouding IP's assignment of the patents-in-suit to Clouding Corp. and filing of new complaints. The assignment is merely the result of an asset transfer from Clouding IP to Clouding Corp. Clouding Corp. steps into the shoes of Clouding IP and federal law is clear that Clouding Corp. may continue to pursue the action previously filed by Clouding IP. *See, e.g., Insituform Technologies, Inc. v. Cat Contracting, Inc.*, 385 F.3d 1360, 1371-73 (Fed. Cir. 2004). Clouding Corp. filed new complaints merely in an excess of caution in light of the Court's prior order of dismissal, to avoid, for example, possible declaratory judgment filings in other jurisdictions. Nothing about the transfer (nor the filing of the new complaints) changes the status of this action. Clouding IP is in the process of preparing a motion to substitute Clouding Corp. as the named plaintiff pursuant to Federal Rule of Civil Procedure 25 for the Court's consideration. Clouding IP (and Clouding Corp.) respectfully submit that this Court should grant the motion for reconsideration, at which time the Court should consolidate the newly filed cases with the corresponding pending actions so that these coordinated cases may move forward efficiently.

On July 28, 2014, this Court dismissed the above-captioned actions, finding a lack of prudential standing deprived the Court of subject matter jurisdiction. On August 11, 2014,

Clouding IP filed a Motion for Reargument and Reconsideration of the Court's dismissal. As indicated in that Motion, the prudential standing issue identified by the Court is curable and did not deprive the Court of jurisdiction. As further indicated in the Motion, Clouding IP executed an Amended and Restated Patent Purchase Agreement with Symantec International and Symantec Corporation resolving all of the issues identified by this Court in its July 28, 2014 Order.

On August 28, 2014, after the Motion for Reargument and Reconsideration was filed Clouding IP transferred the patents-in-suit to Clouding Corp. in an asset sale. On September 9, 2014, Clouding Corp. in an abundance of caution filed new actions[1] asserting the same patents that are at issue in the actions dismissed by this Court on July 28, 2014. The Complaints filed on September 9, 2014 contain a paragraph explaining the recent transfer of the patents to Clouding Corp.

Clouding IP is preparing a motion to substitute Clouding Corp. for Clouding IP in the above captioned cases. The transfer of the patents to Clouding Corp. does not moot the pending Motion for Reconsideration and Reargument. The Federal Circuit and the Courts of this District routinely hold that a case is not rendered moot when a plaintiff transfers a patent to another entity, and that such a transfer does not merit dismissal. In *Insituform Technologies, Inc. v. Cat Contracting, Inc.*, 385 F.3d 1360, 1371-73 (Fed. Cir. 2004), the original plaintiff had Constitutional standing at the time of filing suit. After a trial verdict the patent (and the right to

---

[1] *Clouding Corp. v. Google, Inc.*, C.A. No. 14-1179-LPS; *Clouding Corp. v. Amazon.com, Inc., et al.*; C.A. No. 14-1174-LPS; *Clouding Corp. v. Rackspace Hosting, Inc., et al.*, C.A. No. 14-1180-LPS; *Clouding Corp. v. CA Inc. d/b/a/ CA Technologies*, C.A. No. 14-1175-LPS; *Clouding Corp. v. Hewlett-Packard Company*, C.A. No. 14-1180-LPS; *Clouding Corp. v. AT&T, Inc., et al.*, C.A. No. 14-1174-LPS; *Clouding Corp. v. Citrix Systems Inc.*, C.A. No. 14-1176-LPS; *Clouding Corp. v. Dropbox Inc.*, C.A. No. 14-1177-LPS; *Clouding Corp. v. EMC Corporation, et al.*, C.A. No. 14-1178-LPS; *Clouding Corp. v. SAP AG, et al.*, C.A. No. 14-1182-LPS; and *Clouding Corp. v. Verizon Communications Inc. et al.*, C.A. No. 14-1183-LPS.

recover for prior infringement) was assigned by the original plaintiff to the plaintiff's subsidiary, which was then not a party to the suit. The Federal Circuit refused to dismiss the action, even though in that case the subsidiary waited two years before filing a motion to be joined as a party. *See also General Battery Corp. v. Globe-Union, Inc.*,100 F.R.D. 258, 262 (D. Del.1982) ("Rule 25(c) permits the court to continue to hear a case where the action survives but the original party has transferred interest in the litigation to another."); *United Access Techs., LLC v. EarthLink, Inc.*, C.A. No. 02-272, 2012 U.S. Dist. LEXIS 82478, *17 (D. Del. June 14, 2012) (Finding delay in bringing a Rule 25(c) motion to substitute parties is not fatal to pursuing a claim."); *Affinion Loyalty Group, Inc. v. Maritz, Inc.*,C.A. 04-360, 2006 U.S. Dist. LEXIS 32311, *5 (D. Del. May 22, 2006) ("In patent cases, joinder or substitution of an assignee of all rights, title, and interest in the patents-in-suit is permissible under Federal Rule of Civil Procedure 25(c) to cure a lack of standing.").

      While the Complaints filed on September 9, 2014 were initiated in an excess of caution in light of the Court's prior orders of dismissal in the previous cases, Clouding Corp. (as transferee from Clouding IP) respectfully urges the Court to grant the Motion for Reargument and Reconsideration. Clouding Corp. should maintain the original filing date(s) of these actions for purposes of such issues as the relevant limitations period. While Defendants may raise a new challenge to standing in light of the new facts, should they believe such a challenge is warranted (even though it is not), that challenge should be presented in the context of an amended complaint in the original action filed by the substituted plaintiff Clouding Corp. As set forth in the Motion for Reargument and Reconsideration, the lack of prudential standing (as opposed to Constitutional standing) does not deprive the Court of subject matter jurisdiction and does not warrant dismissal. Rather, the case law is uniformly clear that such issues can and

should be cured where possible, and the underlying actions allowed to continue. As set forth in the Motion, the prudential standing issues identified by the Court are curable and have been cured. Clouding Corp. (as the transferee) should be permitted to substitute as the party plaintiff and continue these coordinated cases. Since the patents and defendants in the newly-filed cases and these coordinated cases are identical it would be appropriate for the Court to consolidate or join the respective cases pursuant to Fed. R. Civ. P. 42(a)(2), 18. Alternatively, if the Court grants the motion for reconsideration, the Court could dismiss the newly-filed complaints as unnecessary after substitution of the plaintiff entity in the previously-pending actions. The filing of new cases by Clouding Corp. does not moot the motion for reconsideration, which the Court should grant for the reasons set forth therein and in this response.

September 23, 2014

OF COUNSEL:

Marc A. Fenster
Brian D. Ledahl
Dorian S. Berger
RUSS AUGUST & KABAT
12424 Wilshire Blvd., Floor 12
Los Angeles, CA 90025
(310) 826-7474
mafenster@raklaw.com
bledahl@raklaw.com
dberger@raklaw.com

BAYARD, P.A.

 /s/ Stephen B. Brauerman
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
Vanessa R. Tiradentes (vt5398)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com

*Attorneys for Plaintiff Clouding IP, LLC and Clouding Corp.*